1  Matthew Mellen (Bar No. 233350)
   Sarah Adelaars (Bar No. 281748)
2  MELLEN LAW FIRM
   411 Borel Avenue, Suite 230
3  San Mateo, CA 94402
   Telephone:     (650) 638-0120
4  Facsimile:     (650) 638-0125

5
   Attorneys for Plaintiffs,
6  CELEDONIA AMACKER
   JOSEPH AMACKER
7

8

9                    UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12
   CELEDONIA AMACKER, an individual;        Case No.: 3:13-CV-03550-JSC
13 JOSEPH AMACKER, an individual
                                            PLAINTIFFS' OPPOSITION TO
14              Plaintiffs,                  DEFENDANT BANK OF AMERICA'S
                                            MOTION TO DISMISS PLAINTIFFS'
15      v.                                  FIRST AMENDED COMPLAINT

16 BANK OF AMERICA, a national association;  Date:      November 21, 2013
   THE BANK OF NEW YORK MELLON, AS          Time:      2:00 p.m.
17 TRUSTEE FOR THE                          Ctrm:      Courtroom 2, 4th Floor
   CERTIFICATEHOLDERS OF CWALT, INC.,
18 ALTERNATIVE LOAN TRUST 2005-58,          Honorable Claudia Wilken
   MORTGAGE PASS-THROUGH
19 CERTIFICATES, SERIES 2005-58, a business
   entity; and Does 1 through 100, inclusive,
20
                Defendants.
21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## I.     INTRODUCTION

In the case at hand, Plaintiffs' lender has engaged in a continuous pattern of deceptions and misrepresentations, causing Plaintiffs' loan payments to mysteriously skyrocket, and forcing them to seek a loan modification.  When Plaintiffs threatened litigation against Bank of America over this fraud, they were lulled into another toxic loan in order to prevent the publication of Bank of America's fraudulent actions.  These false promises were part of a continuing pattern designed to drag out the conflict and create statute of limitations issues for Plaintiffs.  Likewise, Plaintiffs allege that Bank of America fraudulently transferred Plaintiffs' loan to Bank of New York Mellon to conceal the fraud and in an attempt to avoid liability for the fraud it perpetrated against Plaintiffs.

Instead of accepting liability for its bad acts, Defendant instead moves to dismiss Plaintiffs' First Amended Complaint by arguing facts, completely inappropriate for disposition at this stage in the pleadings.  For these reasons, and the reasons contained herein, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss in its entirety or, in the alternative, grant Plaintiffs leave to amend.

## II.     FACTUAL BACKGROUND

In or around February 2001, Plaintiffs purchased the property located at 6589 Fountaine Avenue, Newark, CA 94560 (the "Property"), obtaining financing for the purchase with World Savings Bank, through America's Whole Sale Lender.  FAC at ¶12.  To secure the financing, Plaintiffs executed a Promissory Note and Deed of Trust in favor of their lender.  Id.  In or around 2006, Plaintiffs refinanced their loan agreement with Countrywide Home Loans, who covertly placed Plaintiffs into a negatively amortizing loan which would cause Plaintiffs' mortgage payments to substantially increase at a sudden time, years later.  FAC at ¶ 13.  As a result of the foregoing, Plaintiffs began seeking a loan modification with Countrywide.  Id.

Sometime in late 2008, Defendant Bank of America acquired Plaintiffs' loan.  FAC at ¶ 16.  Plaintiffs continued pursuing a loan modification with Bank of America, when Bank of America's representatives suddenly advised Plaintiffs that the Property was facing imminent foreclosure.  Id.  After Plaintiffs retained the Housing and Economic Rights Advocates ("HERA")

to assist with the process, HERA published an article with the San Francisco Chronicle. FAC at ¶ 17.  Tammy Tipton, the Assistant Vice President of Bank of America, then contacted Plaintiff and advised him that she would personally assist with their account would put together a loan modification agreement. FAC at ¶ 18.

A few days later, Ms. Tipton contacted Plaintiffs the day that they received the modification agreement and said to Plaintiff Joseph Amacker that "Once the dust settles, we will definitely re-modify this for you and get you a better loan in the future, in about two years." FAC at ¶ 19.  Plaintiffs were not happy with Bank of America's "solution," Plaintiffs felt they had no other option but to accept the modification for the time being and re-modify the loan at a later time, per Ms. Tipton's representations.  FAC at ¶ 20.  Therefore, though Plaintiffs were ready to take legal action at that time, Plaintiffs signed the modification agreement and began paying pursuant to the modification agreement.  Id.  In April 2011, Plaintiffs contacted Bank of America to modify their loan, as Ms. Tipton had represented they could do, and were told to submit a loan modification application, which Plaintiffs immediately did.  FAC at ¶ 22.

After some time, Plaintiffs were passed between several Customer Service Representatives between September and November 2011, where they were reassured that they should continue applying for their loan modification.  Id.  However, in early 2012, Plaintiffs were shocked when they were told by a representative that there was no record of Ms. Tipton's promises to Plaintiff, that their loan modification application had expired, and that they had to reapply for a modification.  FAC at ¶ 23.  On or about February 7, 2013, Plaintiffs' loan was transferred to Defendant Bank of New York Mellon, with Defendant Bank of America acting as the servicer of the loan. FAC at ¶ 24.  On or about March 19, 2013, Defendants caused to be recorded a Notice of Default for Plaintiffs' Property.  FAC at ¶ 25.

### III.   LEGAL ARGUMENT

#### A.  Legal Standard

The courts have long held a strong policy in favor of determining disputes on the basis of their merits and not on technicalities of pleading rules.  Foman v. Davis, 371 U.S. 178, 182

(1962).  As such, dismissal is reserved for such cases where it is clear that a cause of action cannot be saved by any amendment.  Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.1996).

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  To survive a motion to dismiss, a plaintiff need only plead facts sufficient to "state a claim for relief that is plausible on its fact." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

A dismissal is only appropriate where the plaintiff fails to state a claim supportable by any cognizable legal theory.  Balistreri v. Pacific Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint need only contain "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Conley v. Gibson, 355 U.S. 41, 47 (1957) (abrogated on other grounds by Bell Atlantic Corporation v. Twombly, 550 U.S. at 563 (2007)).  For these reasons, dismissal without leave to amend is improper unless it is clear that a complaint could not be saved by any amendment.  Schneider v. California DOC, 151 F.3d 1194, 1196 (9th Cir. 1998).

In this case, Plaintiffs pleaded sufficient facts to allege the nature and extent of the wrongful conduct committed by Defendant.  These factual allegations are thereafter incorporated by reference into each applicable Cause of Action.  Each Cause of Action identifies its particular elements and the allegations made against Defendant.  As such, Plaintiffs have sufficiently pleaded allegations to place Defendants on notice of the claims against them and the grounds upon which those claims rest.  Because of this, the motion to dismiss should be denied or, alternatively, Plaintiffs should be granted leave to amend.

///

**B.  Plaintiffs' Causes of Action are Not Barred by the Statute of Limitations**

Under the discovery rule, the limitations period begins once the plaintiff has notice or information of circumstances to put a reasonable person on inquiry about the injury. <u>Mills v. Forestex Co.</u> 108 Cal. App. 4th 625, 642 (2003).  That is, the statute of limitations for Plaintiffs' causes of action under these statutes had not begun to run until Defendants' unlawful actions were discovered in 2012.  FAC at ¶ 23.  Though Defendant maintains that Plaintiffs' causes of action accrued in 2005 and 2009 for loan origination and modification, respectively, this is incorrect because Plaintiffs were not aware of Defendant's actions at that time.  MTD at p. 3, ln. 27-28; p. 4, ln 1-3.  Rather, Plaintiffs have sufficiently pleaded exactly when they became aware that Defendant had deceived them regarding the terms of their loan modification, specifically, that in early 2012, Plaintiffs learned that Ms. Tipton's statements were false when they were informed by Bank of America representative Anita Lewis that there was absolutely no record of Ms. Tipton's promises to Plaintiff.  FAC at ¶ 23, 30.  Therefore, all of Plaintiffs' causes of action are within the statute and are not barred.

The applicable statute of limitations in this case are 2 years for promissory estoppel, 3 years for fraud and negligent misrepresentation, and four years for contract based and UFTA based causes of actions.  Therefore, as Plaintiffs did not discover any of these violations until 2012, and their action was brought in 2013, none of Plaintiffs' claims are barred by the statute of limitations.  Thus, Defendant's Motion to Dismiss on these grounds must be overruled.

**C.  Plaintiffs have Sufficiently Pleaded Causes of Actions for Negligent Misrepresentation and Fraud.**

California Civil Code §1710(2), sets forth the cause of action for a negligent misrepresentation.  The elements for a cause of action for a negligent misrepresentation are (1) defendant makes a representation as to a past or existing material fact, (2) defendant made the misrepresentation without any reasonable grounds for believing it to be true, (3) the representation was made with the intent to induce the plaintiff to rely upon it, (4) plaintiff was unaware of the falsity of the representation and acted in justifiable reliance on the representation, and (5) damages.  Cal. Civ. Code § 1710(2).  A claim for fraud is akin to negligent

misrepresentation, however, it requires a scienter element. Cal. Civ. Code § 3294(c)(3). Plaintiffs allege that Defendant either knowingly or recklessly induced Plaintiffs into entering into a loan modification, with the promise that would eventually be able to re-modify the loan into an even better modification. FAC at ¶ 14-15, 17-20, 22-23.  Defendant moves to dismiss Plaintiffs' cause of action on solely erroneous grounds all of which entirely fail, as such, Defendant's motion to dismiss as to this cause of action must be overruled.

### 1.    Plaintiffs' Fraud Based Claims are Sufficiently Pleaded.

Defendant's first argue that Plaintiffs have failed to plead their causes of action with the required specificity.  MTD at p. 6, ln. 12-15. Confusingly, however, Defendant also argues that, in order to sustain a cause of action for negligent misrepresentation, Plaintiffs must also plead a duty on the part of Defendant.  MTD at p. 7, ln. 23-28; p. 8, ln.1-6.  Defendant cannot have it both ways, when the Court has found that a duty is owed to support the cause of action, the Court does not impose a heightened pleading standard.  Eddy v. Sharp,  199 Cal.App.3d 858, 864 (1988). Conversely, when the Court has found that no duty is owed, the Court imposes the heightened pleading standard.  Neilson v. Union Bank of California, N.A., 290 F. Supp.2d 1101, 1141 (C.D. Cal. 2003) In California, a claim for negligent misrepresentation is held to the standard of general tort claims, where a duty is required but is not subject to a heightened pleading standard.  Eddy v. Sharp, 199 Cal.App.3d 858, 864 (1988). Connor v. Great Western Sav. & Loan Ass'n, 69 Cal.2d 850 (1968).  Also, statutory provisions, such as § 2924, create a legal duty which may sustain a negligence claim.  Further, the existence of a contractual relationship also may create a legal duty. Therefore, because Plaintiffs have sufficiently pleaded her cause of action for negligent misrepresentation, however, shall the Court deem this insufficient, Plaintiffs respectfully request leave to amend.

What is more? Plaintiffs have pleaded fraud with the requisite specificity.  In fact, Plaintiffs have pleaded who made the misrepresentation (Tammy Tipton), when the misrepresentations were made (September 2009), the person's authority to speak (Assistant Vice President of Bank of America, "calling on behalf of the President of Bank of America,") and what they said (that she would be putting together a modification agreement which was "really good"

5

for Plaintiffs. Fed. R. Civ. P. 9(b); FAC at ¶ 35. For these reasons, Defendant's argument fails in its entirety.

### 2. Defendant's Misrepresentations Are Actionable.

Defendant seeks to dismiss Plaintiffs' claims on the grounds that Plaintiffs were "capable of reading and understanding the instrument" and, therefore, are bond by it. (MTD at p. 7, ln. 2-3). Not only does this entirely misconstrue Plaintiffs' allegations, but it also a clear misstatement of the law. First, Plaintiffs do not allege that they did not understand the terms of the loan. Instead, their fraud based claims are based on the statements by Ms. Tipton that their loan would be re-modified in the future. Further, even though as Defendants point out, Defendants were not required to explain what "was stated in black and white" they were required to state the truth. (MTD at p. 7, ln. 1-2). In fact, "a [fraud claim based on] non-disclosure...arises when the defendant makes representations but fails to disclose additional facts which materially qualify the facts disclosed, or which render the disclosure likely to mislead. Roddenberry v. Roddenberry, 44 Cal.App.4th 634, 666 (1996). Thus, even though Plaintiffs understood the terms of the loan, when Defendant spoke about her present intention to modify the loan in the future, they committed a fraudulent act. Since Plaintiffs have properly pled actionable causes of action, the Defendant's request that this claim be dismissed must be denied or Plaintiffs be given leave to amend.

Defendant's next argument, that Plaintiffs fraud claims are based on Defendants misrepresentations regarding foreclosure are a clear attempt to mislead the Court, as Plaintiffs' causes of action are not based on these misrepresentations at all. FAC at ¶ 39. Therefore, this argument must be entirely disregarded.

### 3. Plaintiffs have Sufficiently Alleged Reliance and Damages.

Defendants next erroneously move to dismiss Plaintiffs' causes of action on the grounds that Plaintiffs have not pleaded reliance or damages. MTD at p. 8, ln. 8-9. Plaintiffs have sufficiently pleaded that Plaintiffs relied on Defendants' misrepresentations regarding their loan modification, which caused them to cease pursuing legal action and to cease exercising their right to free speech. FAC at ¶ 1, 20. That is, Defendants promised to modify Plaintiffs' loan

agreement in order to avoid their lawsuit, while evidently having no intention of actually modifying their loan.  FAC at ¶ 19, 23.  Moreover, Plaintiffs have plead damages such as loss of money and property, from the unfavorable loan terms, and resulting emotional distress damages.  FAC at ¶ 41. For these reasons, Defendant's arguments fail.

### D.  Plaintiffs Have Sufficiently Pleaded a Cause of Action for Promissory Estoppel.

To plead a claim for promissory estoppel, a party must allege "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." (Laks v. Coast Federal Saving & Loan Association (1976) 60 Cal.App.3d 885, 890.)(quoting Thomson v. International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada (1965)232 Cal.App. 446, 454.)  In the case at hand, Plaintiffs contend that Defendant breached the doctrine of promissory estoppel when they promised Plaintiffs that they could modify Plaintiffs' loan in the future, a promise which Plaintiffs detrimentally relied upon.  FAC at ¶ 45.  Defendant erroneously move to dismiss to this cause of action on two erroneous grounds.   First, Defendant claims that Plaintiffs failed to allege a clear and ambiguous promise necessary to support a promissory estoppel claim. MTD at p. 9. Next, Defendant argues that Plaintiffs' claim is barred by the Statute of Frauds. Id at p. 10. For the reasons stated herein, however, each of these arguments fails.

### 1.    Plaintiffs Have Sufficiently Pleaded a Promise.

Defendant first erroneously demurs to Plaintiffs' promissory estoppel claim by alleging that Plaintiffs failed to allege a promise clear and unambiguous in its terms. MTD at p. 9. However, Plaintiffs clearly alleged that they were induced into accepting an unfavorable loan modification on the promise that they would be able to modify the loan, to favorable terms, in the future.  FAC at ¶ 45.  This allegation certainly cannot be deemed anything but "clear and unambiguous."  These are actions clearly within the power of Defendant; Defendant simply needed to comply with its own promises and modify Plaintiffs' loan, as requested, to favorable terms.

**2.      Plaintiffs' Claim is Not Barred by the Statute of Frauds**

The Statute of Frauds does not prevent Plaintiffs' claims for this cause of action.  It is generally recognized that a mortgage or deed of trust comes within the statute of frauds. (Secreset v. Security Nat'l Mortg. Loan Trust 2002-2, 167 Cal.App.4th 544, 552.)  The problem with Defendant's argument is that Plaintiffs are not seeking to alter the agreement by way of the promissory estoppel.  Plaintiffs' claim rests on the argument that Plaintiffs would modify their loan in the future. FAC at ¶ 44.  This is not a modification to the Deed of Trust and, therefore is not barred by the Statute of Frauds.  Accordingly, as the oral promise upon which Plaintiffs' promissory estoppel claim relies is not a modification of the loan agreement, it is not barred by the Statute of Frauds.

**E.  Plaintiffs Have Sufficiently Pleaded a Claim for Violation of the Uniform Fraudulent Transfer Act**

The Uniform Fraudulent Transfer Act ("UFTA") provides that "[a] transfer made or obligation incurred by a debtor is fraudulent to a creditor…if the debtor made the transfer or incurred the obligation…with actual intent to hinder, delay, or defraud any creditor of the debtor." Cal. Civ. Code § 3439.04(a).  In the present case, Defendant transferred Plaintiffs' loan under the threat of litigation, thereby violation the UFTA.  FAC at ¶ 56.  Defendant erroneously demurs to Plaintiffs' cause of action on the grounds that Plaintiffs have failed to plead Defendant's intent. Defendant's argument fails and, therefore, their Motion to Dismiss this cause of action should be overruled.  However, should the Court deem any of Plaintiffs' allegations insufficient, Plaintiffs respectfully request leave to amend.

In determining whether a transfer was made with the actual intent to hinder, delay, or defraud a debtor, the trier of fact must engage in an inquiry into a number of factors, including, but not limited to:

(2) Whether the debtor retained possession or control of the property transferred after the transfer.

(3) Whether the transfer or obligation was disclosed or concealed.

8

(4) Whether before the transfer was made or obligation was incurred, the debtor

had been sued or threatened with suit.

(10) Whether the transfer occurred shortly before or shortly after a substantial

debt was incurred.

Cal. Civ. Code § 3439.04(b).  Therefore, whether or not there was actual intent to defraud is an

individualized inquiry of the facts and circumstances in each case.  Further, in alleging a cause of

action for violations of the UFTA, a plaintiff need not plead each and every "badge of fraud" but

needs to plead enough evidence that at least one or more badges of fraud are present.  Nasr v.

Geary, (2003, CD Cal) 2003 US Dist LEXIS 13887.  As a result, it is clear that, whether or not

actual intent exists, is a question of fact, not appropriate for disposition at this time.  Further, the

FRCP only require that intent of another person be pleaded generally, because pleading another

person's intent is an inherently difficult challenge.  Fed. R. Civ. Proc. Rule 9.

Plaintiffs have pleaded at least one "badge of fraud" and, therefore, have met their

pleading standard.  In the present case, Plaintiffs pleaded that "the transfer was made…[when] the

debtor had been sued or threatened with suit."  Cal. Civ. Code § 3439.04(b)(4); FAC at ¶ 57.  This

is a sufficient allegation to withstand a Motion to Dismiss as Plaintiff is not required to prove all

eleven of the "badges of fraud" in their FAC and Defendant points to no case law in support of its

proposition to the contrary.  Therefore, as Plaintiffs have sufficiently pleaded at least one badge of

fraud, Defendant's dismissal on the grounds that Plaintiffs have failed to allege actual intent fails.

Further, Defendant's argument that it was not a creditor of Plaintiffs, likewise, fails.  As

the court held in Mejia v. Reed, 31 Cal.4th 657 (2007), an unmatured contingent claim, such as the

threat of litigation, is analogous to a debt in pleading a cause of action for violations of the UFTA.

In the present case, Plaintiffs have pleaded that they threatened litigation against Defendant and,

to stop litigation, Defendant offered Plaintiffs a loan modification through fraud.  Further,

Plaintiffs have pleaded that, at the time Plaintiffs would have discovered the fraud, thus leading to

9

another lawsuit, Defendant immediately transferred Plaintiffs' loan.  (FAC at ¶ 1).  For these reasons, Defendant's motion to dismiss must be overruled.

### F.  Plaintiffs Have Sufficiently Pleaded An Unfair Competition Claim

California's Unfair Competition Law (UCL) prohibits "any unlawful, unfair or fraudulent" business practice.  California Bus. & Prof. Code § 17200.  The statute "has a broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices that specifically prescribed by any other law.'"  Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1122 (9th Cir. 2009), quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002).  Plaintiffs' UCL claim is tethered to Defendants' violations of California law as set forth in the FAC. FAC at ¶ 76-83.  Defendant incorrectly objects to Plaintiffs' Claim for Violation of Business and Profession's Code § 17200 ("UCL Violation") *et seq* on the grounds that Plaintiff has failed to (1) identify an unlawful or fraudulent action necessary to support a viable UCL violation claim and (2) suffer loss of money or property.  MTD at 13, ln. 10-13 and 14, ln. 5-10, respectively.  For the reasons stated herein, each of Defendants' arguments fail.

### 1.      Plaintiffs Sufficiently Pleaded an Underlying Claim.

Contrary to Defendant's contentions, Plaintiffs have alleged multiple violations of specific statutory and common law provisions which support their UCL claim.  Specifically, Plaintiff has asserted causes of action for Fraud, Negligent Misrepresentation, Promissory Estoppel and Violation of the Uniform Fraudulent Transfer Act.   Accordingly, the Court should deny Defendant's MTD with respect to Plaintiff's claim for violations of California Business and Professions Code § 17200.  However, should the Court deem these allegations insufficient, Plaintiff sshould be granted leave to amend.

### 2.      Plaintiffs Suffered Injury-in-Fact

Defendant incorrectly states that Plaintiffs' claim fails for failure for lack of demonstrable loss of money or property.  However, Defendant apparently wants to ignore Plaintiffs' specific allegations and the entire essence of their lawsuit.  First and foremost, Plaintiffs specifically

pleaded in their UCL claim that:

> "[a]s a result of Defendant's wrongful conduct, Plaintiff has suffered various damages and injuries, including, but not limited to, *loss of money and property* including but not limited to losses through overcharges, incurred attorneys' fees, a loss of reputation and goodwill, destruction of credit, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression." FAC ¶ 67 (emphasis added).

In addition, throughout the FAC, Plaintiffs clearly and unequivocally claims that Defendant's unlawful conduct has caused Plaintiffs to incur money damages, attorneys' fees, and costs of suit to prevent the sale of her home. See FAC Generally.  Accordingly, Defendant's motion to dismiss on this ground must be overruled.

## IV.    CONCLUSION

Based on the foregoing arguments, Plaintiffs respectfully request that Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint be denied.  Should the Court deem these allegations insufficient, Plaintiffs respectfully request leave to amend.

DATED:  October 29, 2013                         Respectfully submitted,


                                                  /s/ Sarah Adelaars_____ 
                                                 SARAH ADELAARS
                                                 Attorneys for Plaintiff
                                                 CELEDONIA AMACKER
                                                 JOSEPH AMACKER